IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **WILLIAM ANTHONY JACKSON,** ) | |
| Petitioner, ) | |
| ) | No. 3:04-CV-0972-K |
| v. ) | ECF |
| ) | |
| **DOUGLAS DRETKE, Director,** ) | |
| **Texas Department of Criminal Justice,** ) | |
| **Correctional Institutions Division,** ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I.   NATURE OF THE CASE**

Petitioner filed a writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 and 2254.

**II.   PARTIES**

William Anthony Jackson ("Petitioner") is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"). Douglas Dretke ("Respondent") is the Director of the TDCJ-ID.

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 1**

### III. PROCEDURAL BACKGROUND

Petitioner was charged in the 283rd Judicial District Court of Dallas County, Texas, in cause number F-014C270-T, styled *The State of Texas v. William Anthony Jackson*. *Ex parte Jackson*, App. No. 57,315-01, at 44. Petitioner was charged by indictment with committing the felony offense of aggravated assault on or about April 25, 2001. *Id.* at 41. The court found Petitioner guilty of aggravated assault and assessed punishment at five years imprisonment on August 30, 2001. *Id*. at 44. Petitioner filed a timely notice of appeal on August 30, 2001, and on January 23, 2003, the Fifth Court of Appeals affirmed the judgment of the trial court in an unpublished opinion. *Jackson v. State of Texas*, No. 05-01-01517-CR (Tex. App.–Dallas 2003). Petitioner did not file a petition for discretionary review. On September 2, 2003, Petitioner filed a state writ of habeas corpus. *Ex parte Jackson*, App. No. 57,315-01, at 2. The petition was denied by the Texas Court of Criminal Appeals on November 5, 2003, without written order and without a hearing. *Id.* at cover. On April 20, 2004, Petitioner filed the petition in this case.

Petitioner asserts the following claims:

1. He received constitutionally ineffective assistance of counsel because trial counsel: (a) failed to object to or otherwise challenge the use of prior offenses for enhancement and (b) failed to object to the state's leading questions of the complainant and the police officer witness;

2. The trial court imposed an illegal sentence when it used a 21-year-old prior Oklahoma conviction and a 32-year-old prior conviction from Illinois to enhance his punishment;

3. The indictment is defective;

4. The evidence is factually and legally insufficient because the state did not prove every element of the indictment as required by law; and

    5.    The trial court erred by basing a guilty verdict on a hypothetical and on the theory of another crime that was not part of the indictment.

Fed. Writ Pet. at 7-9 and Brief in Support.

## IV. EXHAUSTION OF STATE COURT REMEDIES

Respondent asserts that Petitioner has exhausted his available state court remedies.

## V. STATEMENT OF THE FACTS

The following statement of facts is taken from the State's Brief for the Appellee.

    Clifford Jackson [no relation to Petitioner] was in his kitchen cooking dinner when he heard his dog growling outside. (RR 3:5.) He looked out the window and saw his dog trying to get out of the fence and go to the garage. (RR 3:5.) He went to the garage and noticed a man, later identified as [Petitioner], standing over his bicycles. (RR 3:5.) Jackson also noticed that two of his bicycles and some electrical cords were missing from the garage. (RR 3:5-6.)

    Jackson asked [Petitioner] "what the hell" he was doing in his garage. (RR 3:7.) [Petitioner] told Jackson that a guy told him to come there because he had some work for him to do. (RR 3:7.) [Petitioner] was backing away from Jackson as he explained why he was at his house. (RR 3:7.) Jackson told [Petitioner] he did not believe his story and [Petitioner] distracted him by saying, "there he is" and pointing behind Jackson. (RR 3:7, 11.) Jackson turned but there was no one there. (RR 3:11.) Jackson heard a disturbance from the other side of the garage and believed that [Petitioner] had an accomplice. (RR 3:26, 28.) Fearing that he would not be able to defend himself against [Petitioner] and his accomplice, Jackson went inside and called for his son. (RR 3:26, 28.)

    When he returned outside, [Petitioner] was gone. (RR 3:8.) Jackson then gave [Petitioner]'s description to his son and they both went looking for him, each taking a different route. (RR 3:8-9.) After driving for a few minutes, Jackson spotted [Petitioner] coming out of the woods at the edge of the subdivision. (RR 3:10, 33.) Jackson made a u-turn and pulled over into a nearby driveway. (RR 3:9, 22.) He then told [Petitioner] to "Come here. I need to talk to you." (RR 3:10.) [Petitioner] started backing away, so Jackson grabbed him. (RR 3:10.) He pushed [Petitioner] onto the hood of his car and held him there. (RR 3:11.) Jackson asked some nearby apartment owners to call the police. (RR 3:12.) [Petitioner] told Jackson that he did not want to wait for the police. (RR 3:12.)

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 3**

>Jackson then felt [Petitioner] start to wiggle or struggle beneath him (RR 3:13.) He felt [Petitioner]'s hand come up, grabbed his arm, and saw a pocketknife in [Petitioner]'s hand. (RR 3:13, 22.) He grabbed the knife from [Petitioner]'s hand and threw it on the ground near his son, who had arrived a few moments earlier. (RR 3:13, 28.) The police arrived within a few minutes and arrested [Petitioner]. (RR 3:17.) Jackson identified [Petitioner] in court as his assailant. (RR 3:6, 34.)
>
>The trial court found that Jackson was authorized to detain [Petitioner] under section 9.41 of the Penal Code in that he found [Petitioner] in his garage without permission and found property missing from his garage. (RR 4:5.) The court further found that when [Petitioner] withdrew the knife from his pocket he intended to use it as a deadly weapon. (RR 4:4-5.)

"State's Brief" at 1-2.

## VI. STANDARD OF REVIEW

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

>(d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
>>(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 4**

court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United states Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id*.

This amendment applies to all federal habeas corpus petitions that are adjudicated on the merits in state court after April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The petition in this case is subject to review under the AEDPA.

Additionally, under 28 U.S.C. § 2254(d), a presumption of correctness must be accorded findings of fact made by a state habeas court if supported by the record. *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994) (citation omitted).

To sustain a claim of ineffective assistance of counsel, a petitioner must show that: (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense so gravely as to deprive the petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and that "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if a petitioner proves that counsel is deficient, the petitioner also must prove prejudice. To prove such prejudice, the petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 5**

"Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

VII. **ANALYSIS**

1. **Petitioner's Conclusory Allegation that his Counsel Failed to Object to the Enhancement of his Sentence and Petitioner's Claim of an Illegally Enhanced Sentence**

Petitioner argues that his counsel was ineffective because she failed to object to or otherwise challenge his prior convictions being used as enhancements. This is wholly conclusory because Petitioner has failed to prove that his sentence was actually enhanced. Mere conclusory allegations do not raise constitutional claims in habeas proceedings. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983). The record shows that the indictment did not contain an enhancement paragraph. Rather, Petitioner testified at trial and admitted his prior convictions for robbery and burglary. *Ex parte Jackson*, App. No. 57,315-01 at 44, 41; RR 3:52; 4:7. The court took into account the overall facts and circumstances in the case and sentenced Petitioner to five years imprisonment. This was one-quarter of the maximum sentence that the court could have imposed. The punishment range for the felony offense of a second degree felony includes a term of imprisonment of not less than two nor more than twenty years and a fine of up to $10,000. TEX. PENAL CODE §§ 22.02(a)(b), 12.33 (a)(b) (Vernon 2001). The court had discretion to impose punishment up to twenty years. The five year sentence, based upon the testimony that was given, cannot be said to be based upon his prior convictions alone. The transcript in the punishment phase of the trial demonstrates that Petitioner's conviction was not enhanced. *Ex parte Jackson*, No. 57,315-01 at 44, 41; RR 4:7. Therefore, both Petitioner's claim that his counsel provided ineffective assistance for failing to object to an enhanced

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 6**

sentence and his claim that his sentence is illegal are without merit and should be denied with prejudice.

2.     **Petitioner's Other Ineffective Assistance of Counsel Claims**

Petitioner also claims his counsel should have objected to the state's leading question to Officer Prescher and to the complaining witness. As the Court has noted, mere conclusory allegations do not raise constitutional claims in habeas proceedings. *See Ross*, 694 F.2d at 1012. Petitioner has the burden to show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. Petitioner has failed to meet either prong. In addition, the Texas Court of Criminal Appeals addressed these issues, and the adjudication is on the merits. Therefore, this Court must examine the state court decision to see if it is in conflict with clearly established federal law as determined by the Supreme Court or based on an unreasonable determination of the facts in light of the evidence. 28 U.S.C. § 2254(d). The Court finds that the law was properly applied to the facts of this case and the state court was correct in denying relief. Therefore, this Court recommends that Petitioner's claims are without merit and should be denied.

3.     **Defective Indictment**

Petitioner alleges the indictment was defective because the state alleged that a knife was used in the commission of an assault and a knife is not per se a dangerous weapon. In habeas actions, federal courts do not sit to review mere errors under state law. *Dickerson v. Guste*, 932 F.2d 1142, 1145 (5th Cir. 1991). At its core, Petitioner's claim only raises a question regarding Texas law. *Yohey v. Collins*, 985 F.2d 222, 229 (5th Cir. 1993); *cf. Wilder v. Cockrell*, 274 F.3d 255, 260 (5th Cir. 2001) (holding that a passing reference to the Constitution does not exhaust a

constitutional claim). Thus, because the indictment was sufficient under Texas law to confer jurisdiction on the trial court, Petitioner's defective indictment complaint provides no basis for federal habeas corpus relief. *Williams v. Collins*, 16 F.3d 626, 637 (5th Cir. 1994); *McKay v. Collins*, 12 F.3d 66, 68-69 (5th Cir. 1994); *Yohey*, 985 F.2d at 229. Petitioner raised the defective indictment claim in his state writ application challenging his conviction. The Texas Court of Criminal Appeals necessarily found that the indictment conferred jurisdiction on the trial court and that the indictment was sufficient under Texas law. The Court need not consider this claim. Additionally, Petitioner has not shown that the state court's findings were in conflict with clearly established federal law as determined by the United States Supreme Court. Petitioner's defective indictment claim should be dismissed with prejudice.

**4.    Sufficiency of the Evidence**

Petitioner claims the evidence was insufficient to sustain a conviction.[1] Petitioner raised his insufficiency challenge solely on appeal and did not seek a petition for discretionary review. Petitioner then raised his sufficiency of the evidence claims in his state habeas corpus application. In its responses to Petitioner's application, the State asserted that a sufficiency-of-the-evidence claim may not be considered on habeas corpus review. The state trial court found that there were no controverted, previously unresolved fact issues material to the legality of Petitioner's conviction. The Texas Court of Criminal Appeals denied the application without written order.

---

[1] Petitioner contends the evidence was both legally and factually insufficient. However, in challenges to state convictions under 28 U.S.C. § 2254, only *Jackson* need be satisfied, even if state law would impose a more demanding standard of proof. *Schrader v. Whitley*, 904 F.2d 282, 284 (5th Cir. 1990).

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 8**

Respondent contends Petitioner's sufficiency of the evidence claim is procedurally barred because it is not cognizable on habeas corpus review. Although the Texas Court of Criminal Appeals stated no reasons when it denied habeas relief, that court has long held that the sufficiency of the evidence may only be raised on direct appeal and may not be raised in a state habeas proceeding. *West v. Johnson*, 92 F.3d 1385, 1389 n.18 (5th Cir. 1996); *Ex parte McLain*, 869 S.W.2d 349, 350 (Tex. Crim. App. 1994). Indeed, the Texas Court of Criminal Appeals recently reaffirmed that when a state habeas applicant initially challenges the sufficiency of the evidence in a state habeas application and the court subsequently disposes of the application by entering a denial without written order, the applicant's sufficiency claim is not cognizable. *Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004). Thus, this procedural default in the state courts procedurally bars this court from addressing the merits of Petitioner's sufficiency claim, and this claim should be dismissed with prejudice.

Nevertheless, because Respondent alternatively addresses the sufficiency of the evidence claim on the merits in its response, the Court will review the claim. To prevail on the claim that the evidence is insufficient to sustain his conviction, Petitioner would have to show that the denial of his claim by the appellate court was in conflict with clearly established federal law. The state appellate court analyzed the evidence as follows:

> We review challenges to the sufficiency of the evidence using well-known standards of review. *See Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979) (legal sufficiency); *Johnson v. State*, 23 S.W. 3d 1, 10-11 (Tex. Crim. App. 2000) (factual sufficiency). To support appellant's conviction for aggravated assault, the State must show that appellant intentionally or knowingly threatened Clifford Jackson with imminent bodily injury and used or exhibited a deadly weapon during the assault. *See* TEX. PEN CODE ANN. §§ 22.01(a)(2), 22.02(a)(2) (Vernon Supp. 2002). A deadly weapon is anything that in the manner of its use or intended use is capable of causing death or serious bodily injury. *See* TEX. PEN

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 9**

CODE ANN. § 1.07(a)(17)(B)(Vernon 1994).  Because a knife is not a deadly weapon per se, the State must show that appellant used the knife in a manner that caused, or had the potential to cause, death or serious bodily injury.  *See McCain v. State*, 22 S.W.3d 497, 502-03 (Tex. Crim. App. 2000).  It is not necessary that a defendant actually intend to cause death or serious bodily injury; an object is a deadly weapon if the defendant intends a use of the object in which it would be capable of causing death or serious bodily injury.  *Id.*. at 503.  Merely carrying a knife during a violent attack is sufficient to support the conclusion that the "intended use" for the knife was to cause death or serious bodily injury under desired circumstances.  *See id.*

Clifford Jackson testified that a short time after he saw appellant in his garage, Jackson saw appellant walking.  Jackson stopped appellant to ask him about some things missing from Jackson's garage.  When appellant started to back away, Jackson grabbed appellant, pushed him onto the hood of Jackson's car, and held him there.  When Jackson told appellant he was going to call the police, appellant began to struggle.  Jackson saw appellant reach into his pocket and pull out a pocketknife.  Jackson took the knife from appellant and threw it out of the way.  According to Jackson, he was afraid appellant was going to hurt him with the knife.  Trent Prescher a Mesquite police officer, testified that the pocketknife appellant took from his pocket during the struggle was capable of causing serious bodily injury or death.

Although appellant testified he was not in Jackson's garage and did not struggle or pull a knife from his pocket, the trial court was free to believe Jackson's version of the incident and disbelieve appellant's version.  Moreover, although it is undisputed that the knife was not opened when appellant pulled it from his pocket, an object is a deadly weapon if the defendant intends a use of the object in which it would be capable of causing death or serious bodily injury.  Here, the trial court could conclude that appellant intended to open the knife, but was prevented from doing so by Jackson.  That appellant was prevented from opening the knife does not negate a determination that the knife was capable of causing serious bodily injury and that appellant intended to use it to get away from Jackson before the police arrived.  The evidence in this cause supports the trial court's determination that appellant's conduct in using or exhibiting the knife threatened deadly force.  *See McGowan v. State*, 664 S.W.2d 355, 357 (Tex. Crim. App. 1984) (threat may be communicated by action or conduct as well as words).  Likewise, the evidence supports the trial court's determination that the knife was a deadly weapon.  *See McCain*, 22 S.W.3d at 499; *Bailey v. State*, 38 S.W.3d 157, 158-59 (Tex. Crim. App. 2001).

With respect to appellant's argument that the evidence is insufficient to support his conviction because Jackson was not justified in using physical force to

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 10**

> restrain him, appellant fails to explain how even if Jackson's actions were not lawful, appellant's action in using the knife was justified. Thus, we conclude appellant's argument that the evidence is insufficient to support his conviction because Jackson was not justified in detaining appellant lacks merit. We overrule appellant's first, second, and third points of error.

*Jackson v. State*, No. 05-01-01517-CR (Tex. App.–Dallas, January 23, 2003). The state appellate court correctly applied the *Jackson v. Virginia* standard in determining the evidence is sufficient to sustain the conviction. Therefore, the state court decision is not in conflict with clearly established decisions of the United States Supreme Court. This Court finds that the state court's determination to deny relief was not in conflict with any clearly established federal law or based upon an unreasonable determination of the facts in light of the evidence. Therefore, this Court recommends that the insufficiency of the evidence claim be denied with prejudice.

**5**. **Trial Court Error**

Petitioner claims that the trial court erred by basing a guilty verdict on a hypothetical and on the theory of another crime that was not part of the indictment. This is not a cognizable federal constitutional claim. Rather, Petitioner merely asserts his disagreement with the trial court's stated reasoning behind its assessment of the facts. The state court's denial of this claim does not clearly conflict with a decision of the United States Supreme Court and is not based upon an unreasonable determination of the facts in light of the evidence. Accordingly, this claim should be denied.

**VIII. RECOMMENDATION**

The Court determines that all of Petitioner's claims for habeas corpus relief are without merit. The petition for writ of habeas corpus should be denied with prejudice for failure to make a substantial showing of the denial of a federal right.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 11**

Signed this 28th day of February, 2006.

                                                                  _____

                                                                  PAUL D. STICKNEY
                                                                  UNITED STATES MAGISTRATE JUDGE

**<u>Findings, Conclusions and Recommendation</u>**
**<u>of the United States Magistrate Judge -Page 12</u>**

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150, (1985).

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 13**